# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GILBERT RIOS,

                Plaintiff,

-vs-                                       Case No.  6:12-cv-194-Orl-18GJK

OSCEOLA COUNTY SHERIFF'S OFFICE,
OSCEOLA COUNTY CORRECTIONS
DEPARTMENT, and THE STATE OF
FLORIDA,

                Defendants.

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

       This cause came on for consideration without oral argument on the following motion

filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 7)** |
| **FILED:** | **March 28, 2012** |

**THEREON** it is **RECOMMENDED** that the motion is **DENIED and the case be dismissed as frivolous.**

## I.      BACKGROUND.

       On July 27, 2011, Gilbert Rios (the "Plaintiff") filed a *pro se* complaint in Case No. 6:11-

cv-1242-Orl-22GJK (the "First Action") against the State of Florida (the "Defendant").  Doc.

No. 1. The gravamen of Plaintiff's First Action was that the State of Florida violated his constitutional rights by falsely arresting Plaintiff and physically abusing him in jail. Doc. No. 1 at 2. Plaintiff sought one million dollars in damages. *Id.* On November 11, 2011, the Court entered an order dismissing the First Action because the Eleventh Amendment to the United States Constitution is an absolute bar to claims for damages against the States in federal court. Doc. No. 10 at 1-2 in Case No. 6:11-cv-1242-Orl-22GJK.

On December 28, 2011, in Case No. 6:11-cv-2045-Orl-19DAB, Plaintiff filed a "Complaint of Mandamus" (the "Second Action") against the Osceola County Sheriff's Office (the "Sheriff"), Osceola County Corrections Department (the "Corrections Department"), and the State of Florida. Doc. No. 1. In the Second Action, Plaintiff alleged:

> Once again with due respect, I am appealine [sic] the refusal of this Court to investigate my false arrest and the violation of all my constitutional rights while confined at the Osceola County Jail Florida. I was a victim of a beating and sexual abuse by fellow inmates on orders of corrections officers of said prison. I was given medical assistance at the prison's medical facilities. I have evidence of this even though the medical report was altered. All I want is an opportunity to prove that I indeed was a victim of an horrendous brutality that make me sick when I think the people involved are getting away with it please help me. I request a full investigation at a federal level on corruption.

Doc. No. 1 at 2-3. Thus, the gravamen of Plaintiff's Second Action is the same as the First Action, but in the Second Action Plaintiff is requesting an investigation by the Court instead of damages. *Id.* On January 5, 2012, Plaintiff filed a motion for an emergency hearing regarding the Second Action. Doc. No. 2. On January 9, 2012, the Court entered an order dismissing the case without prejudice because this Court "has no duty or authority to order an investigation into Plaintiff's criminal prosecution or the events of his incarceration." Doc. No. 3 at 3-4. The Court

explained that "Plaintiff may bring a civil rights complaint against [the Sheriff and Corrections Department] in this Court," but "[b]ecause Plaintiff has plainly failed to state a claim for mandamus, he has not paid the filing fees or sought leave to proceed in forma pauperis, and his claim against the State of Florida in [the First Action] is on appeal before the Eleventh Circuit, this Court will dismiss this action sua sponte."  Doc. No. 3 at 4.  Thus, the Second Action was dismissed.

On February 6, 2012, Plaintiff filed an identical "Complaint of Mandamus" in this case (the "Third Action").  Doc. No. 1.  On March 14, 2012, Plaintiff filed another "Petition of Writ of Mandamus" in this case.  Doc. No. 5.  Plaintiff states:

> With all due respect, [I] request a mandamus order against the State of Florida to review my case which is a meritorious one as you alrreste [sic] and booked at the Osceola County Jail.  I was beaten and sexually abused by fellow in mates under orders of some Department of Corrections Officers.  This horrendous incident occurred on September 2007.  Needless to say I am humiliated and knowing that all my constitutional rights were violated.  Thus, causine [sic] me a very depressive condition.  I recognized this is a fight between David and Guliat [sic] but I still hope that justice will be done on my case.

Doc. No. 5.  Thus, Plaintiff is requesting the same relief as in the Second Action.  Now before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion").  Doc. No. 7.

## II.    THE LAW.

### A.    The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district

filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to

state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all

proceedings *in forma pauperis.* Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
>> (A)  the allegation of poverty is untrue; or
>> (B)  the action or appeal --
>>> (i)  is frivolous or malicious;
>>> (ii) fails to state a claim on which relief
>>>     may be granted; or
>>> (iii)  seeks monetary relief against a
>>>     defendant who is immune from
>>>     such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also

govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a),

the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma

pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the

supervision and determination of all civil pretrial proceedings and motions. Local Rule

6.01(c)(18). With respect to any involuntary dismissal or other final order that would be

appealable if entered by a district judge, the United States Magistrate Judge may make

recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the

action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem

appropriate. Local Rule 4.07(a).

---

court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in

**B.      Discretion Under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3]  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**C.      Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*  Legal theories are frivolous when they are "indisputably meritless."

good faith.  28 U.S.C. § 1915 (a)(3).

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2).  *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

*Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist."  *See Neitzke*, 490 U.S. at 327.

III.   **ANALYSIS.**

This case is identical to the Second Action, which was dismissed because the Court "has no duty or authority to order an investigation into Plaintiff's criminal prosecution or the events of his incarceration."  Doc. No. 3 in Case No. 6:11-cv-2045-Orl-19DAB.  The Court has no jurisdiction in the nature of mandamus to compel the State of Florida or any agency thereof to perform an investigation.  *Id*. at 2.  Based on the forgoing and for the same reasons set forth by the Court in the Second Action, it is recommended that this case be dismissed.    Accordingly, it is **RECOMMENDED** that the Court:

1.      **DENY** the Motion (Doc. No. 7);

2.      **DISMISS** the case as frivolous; and

3.      Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**DONE and ORDERED** in Orlando, Florida on March 29, 2012

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**